IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>$13,570.00 IN UNITED STATES CURRENCY,<br><br>    Defendant. | Civil Action No. 2:24cv528 |

## VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and April L. Cressler, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. This is a civil action *in rem* for forfeiture to the United States of $13,570.00 in United States currency (the "Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a).

3. Venue is proper under 28 U.S.C. §§ 1395 and 1355(b).

4. On November 3, 2022, Drug Enforcement Administration Task Force Officers ("DEA"), in the Western District of Pennsylvania, identified a Standard Overnight parcel, bearing tracking number 7703 9824 4383 ("Subject Parcel"), as suspicious and interdicted the Subject Parcel from the Fedex distribution center located at 2000 Halverson Road, Moon Township, PA.

5. Upon examination of the Subject Parcel, investigators determined it possessed characteristics consistent with the mailing of illicit narcotics and/or proceeds.

6. The Subject Parcel measured 12" x 12" x 11", weighed approximately 3.80 pounds, and was addressed to "David Nguyen" at "675 N. Euclid Street, Suite #536, Anaheim, CA 92801" from "Bryant McGauley" at "375 Alsmeda Ave., Youngstown, OH 44504."

7. Narcotics traffickers will often utilize commercial couriers such as: USPS, UPS, FedEx, and DHL and choose shipping methods such as Standard Overnight to transport narcotics and/or proceeds between consumer cities such as Pittsburgh, PA to source locations such as Anaheim, CA to minimize detection by law enforcement.   By choosing this shipping method, the parcel is constantly in movement in order to arrive at its destination within a one (1) day time-frame, minimizing exposure to law enforcement.

8. The Subject Parcel was to be delivered to a mailbox center in California. According to various law enforcement indices, "675 N Euclid St., Suite #536, Anaheim, CA 92801" (the recipients address) did not identify an association with "David Nguyen", or anyone else with the last name of "Nguyen".   Likewise, DEA researched the name of "Bryant McGauley" and did not identify an association with the "375 Alsmeda Ave., Youngstown, OH" address.

9. Using fictitious sender and/or recipient names is a typical method for drug traffickers to employ when mailing contraband.

10. On November 4, 2022, the Subject Parcel was scanned by DEA and a certified narcotic detecting K-9.   The K-9 alerted to the presence of a controlled substance within the Subject Parcel.

11. On November 4, 2022, investigators obtained a state search warrant to open the Subject Parcel, which was executed the same day.   Upon opening the Subject Parcel, investigators found new white t-shirts stuffed inside.   The t-shirts were utilized to fill up the extra space within the Subject Parcel in an attempt to stabilize a Honey-Comb branded cereal

box that was within the box.   Investigators opened the cereal box revealing a bag of cereal. Within the bag of cereal was a large square block of aluminum foil.   The square block of aluminum foil contained the Defendant Currency.   The Defendant Currency was packed in five (5) separate bundles of United States currency held together with rubber bands.

12. The Defendant Currency consisted of twenty-nine (29) $100 dollar bills, fifty-four (54) $50 dollar bills, three hundred and forty-four (344) $20 dollar bills, eight (8) $10 dollar bills, two hundred (200) $5.00 dollar bills, and ten (10) $1 bills.

13. These relatively small denominations, combined with the manner in which the United States currency was packaged, are consistent with monies obtained through narcotic sales.

14. Based on the above-described investigation, the DEA determined that the Defendant Currency was intended to be furnished in exchange for a controlled substance and/or represents proceeds of unlawful drug transactions.

15. The Defendant Currency was seized by the DEA pursuant to 21 U.S.C. § 881(a)(6).   The Defendant Currency has remained in the Western District of Pennsylvania in the custody of the DEA.

16. Subsequent to the seizure, Bryant McGauley filed a claim to the Defendant Currency as part of the administrative proceedings.   As a result, the United States has instituted this civil forfeiture action against the Defendant Currency.

17. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(6), the Defendant Currency is forfeitable to the United States because it was furnished or intended to be furnished in exchange for a controlled substance and/or constitutes proceeds traceable to an exchange for a controlled substance and/or was intended to be used to facilitate any such violation of the Controlled Substances Act.

WHEREFORE, the United States of America respectfully requests that the process of warrant *in rem* issue for the arrest of the Defendant Currency; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Currency; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ April L. Cressler*
APRIL L. CRESSLER
Assistant U.S. Attorney
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
april.cressler@usdoj.gov
PA ID No. 308353 (AFF)

## VERIFICATION

I am a Task Force Officer and Special Agent of the Drug Enforcement Administration, and the officer assigned the responsibility for this case. I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 5 day of April, 2024.

_____
Richard R. Kadlecik, Task Force Officer
Drug Enforcement Administration